USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

PHILADELPHIA INDEMNITY INSURANCE
CO.,

                    Plaintiff,

        - against -

INTREPID GROUP, LLC, THE CITY OF NEW
YORK, and STEVEN CARDONA,

                    Defendants.

———————————————————————————

16-cv-7928 (JGK)

MEMORANDUM OPINION
& ORDER

JOHN G. KOELTL, District Judge:

Philadelphia Indemnity Insurance Co. ("Philadelphia") has filed a motion for reconsideration of the Court's Memorandum Opinion and Order of March 26, 2018, in which the Court denied Philadelphia's motion for summary judgment, awarded summary judgment to Intrepid Group, LLC, and the City of New York, and directed the Clerk to enter judgment against Philadelphia. Dkt. No. 112; see Phila. Indem. Ins. Co. v. Intrepid Grp., LLC, No. 16-cv-7928, 2018 WL 1517199 (S.D.N.Y. Mar. 26, 2018). Intrepid and the City have separately moved for attorneys' fees. Dkt. Nos. 108, 116. Philadelphia's motion for reconsideration is **denied with prejudice,** and the motions for fees by Intrepid and the City are **denied without prejudice.**

The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court. U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC, 859 F. Supp. 2d

602, 610 (S.D.N.Y. 2012). The Court's reconsideration of a prior order is an extraordinary remedy to be employed sparingly. Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); see also Romero v. SHL Express (U.S.A.), Inc., No. 15-cv-4844, 2017 WL 395208, at *1 (S.D.N.Y. Jan. 27, 2017).

Philadelphia mainly repeats the arguments previously made and has therefore failed to meet the requirements for a motion for consideration. Philadelphia does not identify any intervening change of controlling law or point to any new evidence that was previously unavailable to it.

The only case Philadelphia cites that the Court did not consider previously is Century Surety Co. v. EM Windsor Construction Inc. ("EM Windsor"), No. 16-cv-4196, 2017 WL 5952706 (S.D.N.Y. Nov. 29, 2017). This decision could not have been overlooked by the Court because Philadelphia did not cite it to the Court before the March 26 Memorandum Opinion and Order was issued. That alone is a reason not to grant the motion for reconsideration on the basis on EM Windsor.

2

In any event, EM Windsor does not undermine the Court's previous decision. In EM Windsor, an insurance company sent an insured a letter on March 24, 2016, partially disclaiming coverage and then followed up with another letter to the insured on April 21, 2016, that stated "[C]overage is unequivocally denied to all parties based on application of the [insurance] policy's . . . Exclusion." Id. at *10. The court found that the March 24, 2016, letter was partially a disclaimer and partially a reservation of rights, and that the April 21, 2016, was a complete and unequivocal disclaimer that cleared up any lingering ambiguity in the March 24, 2016, letter. Id. at *12.

Here, as in EM Windsor, it is undisputed that Philadelphia sent the City and Intrepid letters that constituted partial disclaimers and partial reservations of rights. The issue in this case was whether the portion of Philadelphia's letters that were devoted to the Abuse or Molestation Exclusion were reservations of rights or disclaimers. The Court concluded that those portions were reservations of rights. Nothing about EM Windsor requires the Court to revisit that conclusion. And crucially, unlike in EM Windsor, Philadelphia never clarified its coverage position by sending a follow up letter unequivocally denying coverage to the City and Intrepid under the Abuse or Molestation Exclusion.

3

Philadelphia also argues that summary judgment was premature because there remain factual issues to resolve in discovery. Philadelphia ignores the fact that it brought the declaratory judgment in this case claiming that the Abuse or Molestation Exclusion applied and precluded coverage. Philadelphia also overlooks the fact that it filed the first summary judgment motion in this case, and it did so long before discovery was scheduled to conclude. Having initiated summary judgment proceedings, Philadelphia cannot now complain that both Intrepid's cross-motion for summary judgment filed in response to Philadelphia's motion for summary judgment and the request for summary judgment in the City's brief in opposition to Philadelphia's motion are premature.

Moreover, Philadelphia's arguments are internally inconsistent. The Court previously explained the inconsistent positions taken by Philadelphia. See Phila. Indem. Ins. Co., 2018 WL 1517199 at *8, *10 n.6. On this motion, Philadelphia argues that there are issues of fact as to whether the Abuse or Molestation Exclusion applies to bar coverage, and yet it also claims that it has unequivocally disclaimed coverage pursuant to that Exclusion. As this Court properly determined, Philadelphia cannot rely on the Abuse or Molestation Exclusion because it failed to disclaim coverage based on that Exclusion in a timely manner.

4

Philadelphia therefore fails to show the need to correct a clear error or prevent manifest injustice. Accordingly, Philadelphia's motion for reconsideration is **denied.**

The motions for fees filed by Intrepid and the City are premature because Philadelphia may appeal the judgment in this case. The motions by Intrepid and the City are therefore **denied without prejudice** and may be renewed thirty days after the time to appeal has expired or, if an appeal is taken, thirty days after a mandate issues from the Court of Appeals. See Fed. R. Civ. P. 54(d)(2)(B) advisory committee's notes to the 1993 amendment ("[T]he court under [Rule 54(d)(2)(B)] may effectively extend the period [for filing a motion for fees] by permitting claims to be filed after resolution of the appeal.").

**SO ORDERED.**

**Dated:    New York, New York**
**May 15, 2018**

John G. Koeltl
United States District Judge

5